[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR CONTEMPT POST JUDGMENT (DOCKET ENTRY NO. 135)
The plaintiff has filed a motion for contempt alleging that by reason of the defendant's failure to report the whole amount of $500.00 as alimony in his income tax returns, he has incurred income tax deficiencies, both federal and state for the years 1994, 1995 and 1996.
On May 19, 1994, Judge Petroni granted the defendant's motion for modification of alimony and support and entered the following order:
 "(a) The following order shall be considered as unallocated alimony and support in order to allow the husband a deduction for federal income tax purposes. Beginning June 1, 1994, the husband shall pay the wife $333.00 a week in child support and $167.00 a week in alimony (which includes the housing expenses) for a total obligation of $500.00 a week."
No motion addressed to this language of the order was ever filed. The next motion filed by either party was that of the defendant seeking modification of support.
At issue is Section 71 of the Internal Revenue Code of 1984 as amended. This provision of the Code allows unallocated alimony and child support payments to be wholly deductible by the payor and taxable to the payee. However, so much of those payments specifically "fixed" as child support are considered child support and not deductible by the payor and nontaxable to the payee. In this case, support was specifically "fixed" at $333.00 a week and thus the plaintiff's difficulties with the Internal Revenue Service and the Commission of Revenue Services. The defendant has not failed to abide by any order of the court, nor has she acted in a manner in disregard of any order of the court. She cannot be found to be in contempt as alleged by the plaintiff. CT Page 7888
The plaintiff's motion for contempt is, therefore, denied.
EDGAR W. BASSICK, III JUDGE TRIAL REFEREE